DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio ("State"), appeals from the judgment of the Cuyahoga Falls Municipal Court that granted the motion to suppress of Appellee, Jason Steen. We reverse and remand
 I {¶ 2} On July 11, 2003, Mr. Steen was cited on two separate counts: (1) unlawful noise or disturbance, in violation of Section 509.08(b) of the Codified Ordinances of the City of Stow; and (2) underage possession of alcohol, in violation of R.C.4301.69(E). Subsequently, Mr. Steen moved the municipal court to suppress "[a]ny and all evidence * * * seized by law enforcement officers[.]" The municipal court granted Mr. Steen's motion, thereby suppressing the State's evidence. The State timely perfected an appeal; it now raises two assignments of error for review. As the second assignment of error is dispositive of this appeal, we will address it first.
 II A. Second Assignment of Error
"The [municipal] court erred in suppressing evidence found in the vehicle trunk after the officer had probable cause to search due to the odor of marijuana and the admission of marijuana consumption by a passenger."
 {¶ 3} In its second assignment of error, the State contends that the municipal court erroneously granted Mr. Steen's motion to suppress, as the odor of marijuana emanating from Mr. Steen's automobile and the passenger's admission that he had consumed marijuana provided the arresting officer with probable cause to search the vehicle. We agree with the State's contention.
 {¶ 4} When ruling on a motion to suppress, the trial court makes both factual and legal findings. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. Accordingly, "the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Smith (1991),61 Ohio St.3d 284, 288; State v. Hopfer (1996), 112 Ohio App.3d 521,548. It follows that an appellate court's review of a motion to suppress involves both questions of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332; State v. Nietfeld, 3rd Dist. No. 2-01-05, 2001-Ohio-2285. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997),118 Ohio App.3d 739, 741; State v. Guysinger (1993),86 Ohio App.3d 592, 594, citing State v. Fausnaugh (Apr. 30, 1992), 4th Dist. No. 1778. However, an appellate court's review of the trial court's application of law to those facts is de novo. Searls,118 Ohio App.3d at 741. See, also, Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911.
 {¶ 5} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution provide that a police officer must obtain a warrant based on probable cause before conducting a search. See Schneckloth v. Bustamonte
(1973), 412 U.S. 218, 219, 36 L.Ed.2d 854; State v. Moore,90 Ohio St.3d 47, 49, 2000-Ohio-10, citing Katz v. United States
(1967), 389 U.S. 347, 357, 19 L.Ed.2d 576 and State v. Brown
(1992), 63 Ohio St.3d 349, 350. When determining the existence of probable cause, the courts must examine the "totality of the circumstances" and make a "practical, common-sense decision whether, given all the circumstances * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates (1982), 462 U.S. 213,238, 76 L.Ed.2d 527. "Probable cause" can be defined as a reasonable ground of suspicion that is supported by facts and circumstances, which are sufficiently strong to warrant a prudent person in believing that an accused person had committed or was committing an offense. State v. Ratcliff (1994),95 Ohio App.3d 199, 205, citing Beck v. Ohio (1964), 379 U.S. 89, 91,13 L.Ed.2d 142 and State v. Rose (1991), 75 Ohio App.3d 656, 659. The definition of "probable cause" has been interpreted by Ohio courts to include the totality of facts and circumstances within a police officer's knowledge. State v. Payne (June 1, 1999), 12th Dist. No. CA98-12-244.
 {¶ 6} Although police officers generally must procure a warrant based on probable cause before conducting a search, the absence of a warrant does not reflexively invalidate the search. That is, if the State demonstrates that probable cause existed and that an exception to the warrant requirement applied, a search may not be deemed unreasonable. Moore,90 Ohio St.3d at 49.
 {¶ 7} When a police officer validly stops an individual for a traffic violation, he must have further probable cause to conduct a search of the individual's vehicle. Id. "After the officer has probable cause to believe the vehicle contains contraband, he may search the vehicle based on the automobile exception to the warrant requirement." State v. Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 19, citing Moore, 90 Ohio St.3d at 51. This Court has concluded that probable cause exists to justify a warrantless search when the police officer smells the odor of marijuana. State v. Garcia (1986), 32 Ohio App.3d 38, 39
(stating that "[t]he odor of marijuana, standing alone, has * * * been held to provide probable cause for warrantless searches"). See State v. Crowell (June 30, 1995), 6th Dist. No. WM-95-001;In re Coleman (Dec. 30, 1993), 8th Dist. No. 65459 (finding that the officer's detection of marijuana emanating from the appellant's vehicle justified the warrantless search of the vehicle); State v. Bird (Dec. 31, 1992), 4th Dist. No. 92 CA 2 (concluding that the officer had probable cause to search the vehicle after detecting the smell of marijuana coming from the appellant's vehicle). "When a police officer has probable cause to believe a vehicle contains evidence of a crime, contraband, or other evidence that is subject to seizure, the officer may conduct a warrantless search of every part of the vehicle and its contents[.]" (Emphasis added.) Payne, supra, citing UnitedStates v. Ross (1982), 456 U.S. 798, 72 L.Ed.2d 572.
 {¶ 8} In this case, Officer Jonathan Bastock testified that he was on routine patrol on July 11, 2003. He further testified that he observed Mr. Steen's vehicle and heard a "loud pounding base stereo" coming from the vehicle. Officer Bastock stated that after the vehicle had passed him, he could still hear the "loud pounding base stereo" approximately 237.2 feet away. As such, Officer Bastock explained that he followed the vehicle and subsequently stopped the vehicle.
 {¶ 9} Officer Bastock then asserted that as he approached the vehicle he could smell the odor of marijuana emanating from Mr. Steen's vehicle. He noted that he was able to identify the odor because of his training and experience; specifically, he testified that he is able to identify the odor of both raw and burnt marijuana. Officer Bastock also asserted that the passenger admitted to smoking marijuana.
 {¶ 10} He explained that he then asked Mr. Steen for permission to search the vehicle, and Mr. Steen responded in the negative. Officer Bastock asserted that Mr. Steen subsequently consented to Officer Bastock's request to search the vehicle. Officer Bastock stated that during his search of Mr. Steen's vehicle he discovered a partial case of beer in the trunk. He then stated that he asked Mr. Steen if the beer belonged to him, and Mr. Steen responded that he was "holding it for a friend." Finally, Officer Bastock noted that Mr. Steen had not yet reached the age of 21 at the time of the incident.
 {¶ 11} Officer Bastock observed Mr. Steen's vehicle and heard a "loud pounding base stereo" coming from the vehicle, a violation of Section 509.08(b) of the Codified Ordinances of the City of Stow. Therefore, Officer Bastock's initial stop was constitutionally valid, as he had "an articulable reasonable suspicion [and/]or probable cause to stop [Mr. Steen] for * * * a minor traffic violation[.]" Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12. As Officer Bastock approached the vehicle, he could smell the odor of marijuana emanating from the vehicle. Although the odor of marijuana alone could have provided Officer Bastock with probable cause to search, we have more in this case. See Garcia, 32 Ohio App.3d at 39. Specifically, the record in this case demonstrates that Officer Bastock noticed the odor of marijuana and obtained the passenger's admission to the use of marijuana. Accordingly, based on the facts of this case, Officer Bastock possessed the requisite probable cause to justify the warrantless search of the entire vehicle, including the trunk, pursuant to the automobile exception. See State v. Taylor (Oct. 22, 1997), 9th Dist. No. 96CA006592; Crowell, supra (finding that the odor of marijuana in addition to the cigarette papers and the appellant's nervousness provided the police officer with the requisite probable cause to search the appellant's vehicle);Farris at ¶ 19 (finding that the defendant's inculpatory statements regarding drug paraphernalia provided the officer with probable cause to search the trunk); Payne, supra. Therefore, we conclude that the municipal court erred when it granted Mr. Steen's motion to suppress. Accordingly, the State's second assignment of error is sustained.
 B. First Assignment of Error
"The [municipal] court erred by denying [mr. steen] the right to choose to consent to an unlimited search of his automobile."
 {¶ 12} In light of our disposition in the second assignment of error, we need not address the State's first assignment of error, as this assignment of error is now rendered moot. See App.R. 12(A)(1)(c).
 III {¶ 13} The State's second assignment of error is sustained, and its first assignment of error is not addressed. The judgment of the Cuyahoga Falls Municipal Court is reversed, and cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Slaby, J., concurs.
Baird, P.J., concurs in judgment only.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.