The STATE of Ohio, Appellant,

v.

BURKE, Appellee.

[Cite as *State v. Burke*, 188 Ohio App.3d 777, 2010-Ohio-3597.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93258.

Decided Aug. 5, 2010.

778

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.

Stephen McGowan, for appellee.

Sean C. Gallagher, Administrative Judge.

{¶ 1} Pursuant to Loc.App.R. 26, this court granted en banc consideration in this matter and convened an en banc conference in accordance with *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672.

{¶ 2} We hereby vacate the court's decision released on April 1, 2010,[1] and issue this en banc decision as the final decision in this appeal.

{¶ 3} The state of Ohio appeals from the order of the trial court that suppressed evidence obtained in connection with the search of a vehicle driven by defendant-appellee, Damion Burke. For the reasons stated herein, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶ 4} On October 15, 2008, defendant was indicted for possession of drugs, two counts of drug trafficking, and possession of criminal tools, all with forfeiture specifications. Defendant pleaded not guilty and filed a motion to suppress the evidence obtained against him.

{¶ 5} At the March 11, 2009 suppression hearing, the state presented the testimony of Cleveland Police Officer Jeffrey Weaver. Weaver testified that on September 29, 2008, at approximately 1:40 a.m., he observed a vehicle on East 124th Street with the driver's side door open and loud music emanating from the car. As the officer approached the vehicle, the door closed and the driver pulled away. Weaver followed the vehicle for a brief period, but because the music was lowered, he turned in a different direction. He then heard the loud music again and proceeded after the vehicle. At this time, Weaver observed the vehicle weave out of its lane of travel.

{¶ 6} The officer stopped the vehicle and saw the driver making movements toward the middle of the interior of the vehicle. When Officer Weaver approached the driver of the vehicle, he detected a strong odor of marijuana coming from inside the vehicle. The driver was later identified as Damion Burke, the defendant herein.

{¶ 7} Weaver asked Burke if he had marijuana in the car. Burke reportedly stated that he did not, and the officer asked if he could check. According to Weaver, Burke stated that he did not mind if the officer checked, but expressed his opinion that the officer had no probable cause to search the car.

{¶ 8} The officer then had Burke get out of the car, and at that time, a bottle of beer fell out of the car and shattered. Weaver placed Burke in handcuffs for the open-container violation and placed him in the police car. Weaver then searched the vehicle and recovered two plastic bags containing 40 individually wrapped

---

1. *State v. Burke,* Cuyahoga App. No. 93258, 2010-Ohio-1433, 2010 WL 1254292.

bags of suspected marijuana and one plastic bag containing 50 individually wrapped bags of suspected crack cocaine. The drugs were found in the center vent area of the vehicle.

{¶ 9} Burke offered testimony in support of the motion to suppress and stated that he had not been driving with the door open. He said that when the officer asked if he had marijuana, he stated that he did not. At that time, according to Burke, the officer took a cigar that Burke had been smoking and broke it apart. It did not contain illicit drugs. The officer then removed him from the car and placed him in the back of the squad car. Burke denied that a bottle of beer fell from the car. Burke also denied that he gave the officer permission to search the car, explaining that it was not his car.

{¶ 10} The trial court subsequently granted the motion to suppress, noting:

{¶ 11} "On the basis of U.S. Supreme Court case *Arizona v. Gant,* [ (2009), 566 U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485] the motion to suppress is granted. Defendant was placed under arrest, handcuffed behind his back, and police could not reasonably expect to find evidence of the basis for arrest in this case (i.e., a traffic violation stop)."

{¶ 12} The state now appeals and assigns a single error for our review.

{¶ 13} The state's assignment of error is as follows:

{¶ 14} "The trial court erred in granting defendant-appellee's Damion Burke's motion to suppress as the police had probable cause to believe that marijuana was present in Burke's vehicle."

{¶ 15} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citations omitted.) *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶ 16} Initially, we observe that an investigative stop of a vehicle is permissible if a police officer has a reasonable and articulable suspicion that the person stopped may be involved in criminal activity. See *Terry v. Ohio* (1968), 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889. In this case, the stop of the vehicle was permissible in light of the fact that the officer (1) saw the vehicle moving with the door open, (2) saw the vehicle weaving, and (3) heard loud music coming from

the vehicle. See *State v. McComb,* Montgomery App. No. 21963, 2008-Ohio-425, 2008 WL 314906; *State v. Steen,* Summit App. No. 21871, 2004-Ohio-2369, 2004 WL 1057647. The issue in this case is whether a permissible search of the vehicle was conducted following the stop.

{¶ 17} The Fourth Amendment to the United States Constitution provides protection against unreasonable searches and seizures. Searches conducted without a warrant are per se unreasonable, subject to a few "jealously and carefully drawn" exceptions. *State v. Smith,* 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 10, citing *Jones v. United States* (1958), 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514, and *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 454–455, 91 S.Ct. 2022, 29 L.Ed.2d 564.

{¶ 18} One of the exceptions to the warrant requirement is a search incident to a lawful arrest, "which allows officers to conduct a search that includes an arrestee's person and the area within the arrestee's immediate control." *Smith* at ¶ 11, citing *Chimel v. California* (1969), 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685. "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant* (2009), 556 U.S. ——, 129 S.Ct. 1710, 1716, 173 L.Ed.2d 485. In *Arizona v. Gant,* the court held that an officer may search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search or when it is reasonable to believe that the vehicle contains evidence relevant to the offense of arrest. Id.

{¶ 19} In this case, a search of the vehicle incident to arrest was impermissible because Burke was handcuffed and under arrest at the time of the search and the officer had no reason to believe that the vehicle contained evidence of the offense of arrest, i.e., open container. Nevertheless, alternative grounds existed upon which a warrantless search could be conducted.

{¶ 20} A warrantless search of a vehicle may be justified when an officer has probable cause to believe that the vehicle contains contraband based upon the well-established automobile exception to the warrant requirement. *State v. Moore* (2000), 90 Ohio St.3d 47, 52, 734 N.E.2d 804. "[T]he search of an auto on probable cause proceeds on a theory wholly different from that justifying the search incident to an arrest." *Chambers v. Maroney* (1970), 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, citing *Carroll v. United States* (1925), 267 U.S. 132, 158–159, 45 S.Ct. 280, 69 L.Ed. 543. Under this exception, when an officer has probable cause to believe that a person has been smoking marijuana based on the odor of marijuana emanating from the vehicle, a warrantless search is permissible. *Moore; State v. Hopper,* Cuyahoga App. Nos. 91269 and 91327, 2009-Ohio-

2711, 2009 WL 1623105; see also *State v. Farris,* 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985 (recognizing that the scope of the search does not necessarily extend to the trunk of the vehicle).

{¶ 21} In this case, Weaver testified that he detected a strong odor of marijuana emanating from the vehicle. This alone provided the officer with probable cause to search the passenger compartment of the vehicle without a warrant. Accordingly, we find that a lawful search of the vehicle was conducted in this case.

{¶ 22} Last, there also remains open the question whether the inevitable-discovery doctrine can be applied in this case. Under the inevitable-discovery doctrine, "illegally obtained evidence is properly admitted in a trial court proceeding once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation." *State v. Perkins* (1985), 18 Ohio St.3d 193, 196, 480 N.E.2d 763. The state has the burden under the inevitable-discovery doctrine to show that the drugs would have been inevitably discovered apart from the unlawful conduct. See id.

{¶ 23} The inevitable-discovery doctrine has been applied when evidence inevitably would have been discovered during an inventory search. To invoke the inevitable-discovery doctrine on this basis, the state must produce evidence of a procedure requiring an inventory of the vehicle that inevitably would have led to the discovery of the contraband. See *State v. Miller,* Montgomery App. No. 20513, 2005-Ohio-4203, 2005 WL 1939771. Although explicit testimony concerning the procedure is not required, the evidence must show that law enforcement would inevitably have discovered the evidence apart from the unlawful conduct. *State v. Ewing,* Franklin App. No. 09AP–776, 2010-Ohio-1385, 2010 WL 1248837.

{¶ 24} In this case, because probable cause justified the search under the automobile exception, it is immaterial whether evidence would have been discovered inevitably pursuant to a routine inventory search of the vehicle.

{¶ 25} In accordance with all of the foregoing, the state's assignment of error is sustained and the decision of the trial court to grant the motion to suppress is reversed.

Judgment reversed
and cause remanded.

BLACKMON, CELEBREZZE, COONEY, ROCCO, and STEWART, JJ., concur.

BOYLE, J., concurs separately.

McMONAGLE, J., dissents.

DYKE, J., dissents, with separate opinion.

JONES, KILBANE, and SWEENEY, JJ., concur in the dissenting opinion of Judge ANN DYKE.

MARY J. BOYLE, Judge, concurring.

{¶ 26} Although I was on the original panel affirming the trial court's granting of Damion Burke's motion to suppress, upon further reflection and consideration of *Arizona v. Gant* (2009), 556 U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485, I fully concur with the majority en banc decision reversing the trial court based upon the long-standing exception to the warrant requirement—the strong smell of marijuana emanating from a vehicle.

ANN DYKE, Judge, dissenting.

{¶ 27} I respectfully dissent.

{¶ 28} The reasonableness of a warrantless search is subject to the basic rule that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. "Among the exceptions to the warrant requirement is a search incident to a lawful arrest [that] derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant* (2009), 556 U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485.

{¶ 29} In *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, the Supreme Court of the United States held that a search incident to arrest may only include "the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."

{¶ 30} In *New York v. Belton* (1981), 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768, the court considered the issue of a search incident to the arrest of occupants of a motor vehicle. In that case, a police officer stopped a car that had been speeding. The officer smelled marijuana and observed an envelope on the car floor marked "Supergold," a type of marijuana. The officer determined that there was probable cause to believe that the occupants had committed a drug offense, so he ordered the occupants out of the car and placed them under arrest. He then patted them down and searched the vehicle, where he found cocaine in a jacket. In upholding the search, the court held that when an officer lawfully arrests "the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile" and any containers.

{¶ 31} In *Arizona v. Gant,* the court held that an officer may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest, and if these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

{¶ 32} The *Gant* court explained:

{¶ 33} "Under *Chimel,* police may search incident to arrest only the space within an arrestee's 'immediate control,' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.' 395 U.S., at 763, 89 S.Ct. 2034, 23 L.Ed.2d 685. The safety and evidentiary justifications underlying *Chimel's* reaching-distance rule determine *Belton'* s scope. Accordingly, we hold that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle.

{¶ 34} " * * *

{¶ 35} "*Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. Consistent with the holding in *Thornton v. United States,* 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), and following the suggestion in Justice Scalia's opinion concurring in the judgment in that case, id., at 632, 124 S.Ct. 2127, 158 L.Ed.2d 905, we also conclude that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that *evidence of the offense of arrest* might be found in the vehicle." (Emphasis added.)

{¶ 36} Therefore, in my view, because *Gant* expressly limits *Belton,* the "plain-smell exception" is likewise limited. Under *Gant,* I believe that the plain-smell exception is limited to those instances where marijuana is listed as an offense of arrest.

{¶ 37} In this case, the stop of the vehicle was permissible, in light of the fact that the officer observed defendant's vehicle moving with the door open and heard music playing at a high volume in the vehicle. See *State v. McComb,* Montgomery App. No. 21963, 2008-Ohio-425, 2008 WL 314906; *State v. Steen,* Summit App. No. 21871, 2004-Ohio-2369, 2004 WL 1057647.

{¶ 38} I therefore agree with the trial court's decision that the search of the vehicle was impermissible; however, pursuant to *Arizona v. Gant,* supra, as defendant was handcuffed and under arrest at the time of the search and the officer had no reason to believe that the vehicle contained evidence of the offenses

of arrest, i.e., open container, driving with the driver's side door open, weaving, and playing loud music.  Cf. *State v. Hopper*, Cuyahoga App. Nos. 91269 and 91327, 2009-Ohio-2711, 2009 WL 1623105;  *State v. Elliott*, Cuyahoga App. No. 92324, 2010-Ohio-241, 2010 WL 320479.

{¶ 39} The state asserts that pursuant to this court's opinion in *State v. Hopper*, the odor of marijuana coming from the vehicle justified the search of the vehicle.  The *Hopper* court held, however, that "based upon the probable cause generated by the smell of marijuana emanating from the car, the officers placed the occupants of the car under arrest for allegedly transporting marijuana in a motor vehicle.  A search of the vehicle incident to that arrest was entirely justified under *Gant*, because the officers had reason to believe that the vehicle contained evidence of the offense of arrest, to wit:  marijuana."  Thus, *Hopper* is clearly distinguishable from this matter in that the offense of arrest in *Hopper* was transporting marijuana, whereas the offenses of arrest in this matter are open container, driving with the driver's side door open, weaving, and playing loud music.

{¶ 40} In my view, a search for marijuana on the basis of the odor of this substance when the offense of arrest has nothing to do with marijuana is unsupportable under *Arizona v. Gant*, and authorizing such searches will, in my view, open a Pandora's box to improper searches.

JONES, KILBANE, and SWEENEY, JJ., concur in the foregoing opinion