[Cite as *State v. Sheridan*, 2011-Ohio-6011.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-10-50

    v.

JONATHAN J. SHERIDAN,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2010 0052

Judgment Reversed and Cause Remanded

Date of Decision: November 21, 2011

APPEARANCES:

    *Gregory W. Donohue* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jonathan J. Sheridan ("Sheridan") brings this appeal from the judgment of the Court of Common Pleas of Allen County overruling his motion to suppress evidence found during the search of the vehicle. For the reasons set forth below, the judgment is reversed.

{¶2} On March 13, 2009, Patrolman Mark Frysinger ("Frysinger") observed a vehicle drive over a curb while making a right hand turn. The vehicle then pulled between two houses which appeared vacant. Two people exited the vehicle and began to walk away as Frysinger pulled up in his cruiser. Frysinger then approached the men and asked Sheridan, the driver, for identification. Sheridan told Frysinger that he did not have a driver's license and this fact was confirmed by Frysinger. Frysinger then arrested Sheridan for driving without a license.

{¶3} Frysinger then conducted a search of Sheridan's person incident to the arrest. The search revealed a package of marijuana in Sheridan's coat pocket, additional marijuana in another pocket and a 9 millimeter bullet.[1] Frysinger then placed Sheridan in the rear of the cruiser and went to investigate the vehicle. At that time, other officer's had arrived and secured the scene, including the other

---

[1] The dissent is correct that Frysinger originally testified that he found "some live 9 millimeter rounds." Tr. 8. However, on cross-examination he admitted that he could not say there was more than one 9 millimeter bullet. Tr. 23.

person. Neither suspect was within reaching distance of the vehicle. The search of the vehicle revealed a loaded handgun wedged between the driver's seat and the center console.

{¶4} On February 17, 2010, the Allen County Grand Jury returned an indictment charging Sheridan with one count of carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12(A)(2). Sheridan entered a not guilty plea on March 18, 2010. On March 30, 2010, Sheridan filed a motion to suppress and exclude all evidence obtained from the stop and the search of the vehicle. A hearing was held on the motion to suppress on April 30, 2010. The trial court entered judgment overruling the motion to suppress on June 3, 2010. On June 8, 2010, Sheridan changed his plea to one of no contest. The trial court then found him guilty of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) & (F)(1). A sentencing hearing was held on July 14, 2010. The trial court then sentenced Sheridan to two years of community control. Sheridan appeals from this judgment and raises the following assignment of error.

> **The trial court erred in overruling [Sheridan's] motion to suppress the evidence obtained from the warrantless search of [Sheridan's] motor vehicle, in violation of the United States Constitution's Fourth and Fourteenth Amendments, and Article I of the Ohio Constitution, prohibiting unreasonable search and seizure.**

{¶5} The sole assignment of error in this case raises the issue of whether the trial court erred in allowing a search of the vehicle incident to arrest. The U.S. Supreme Court addressed this issue in *Arizona v. Gant* (2009), 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485. In *Gant*, the defendant was arrested for driving on a suspended license, handcuffed, and locked in a patrol car. The officers then proceeded to perform a warrantless search of his vehicle incident to his arrest. The officers found cocaine in a jacket pocket. The Arizona trial court denied his motion to suppress the results of the warrantless search. The Arizona Supreme Court reversed the judgment of the lower court. In its review of the case, the U.S. Supreme Court held as follows.

> Under [*Chimel v. California,* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685], police may search incident to arrest only the space within an arrestee's "'immediate control,'" meaning "the area from within which he might gain possession of a weapon or destructible evidence." 395 U.S. at 763, 89 S.Ct. 2034. The safety and evidentiary justifications underlying *Chimel*'s reaching-distance rule determine *Belton*'s [*New York v. Belton* (1981), 453 U.S. 454, 1010 S.Ct. 2860, 69 L.Ed.2d 768] scope. Accordingly we hold that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. Consistent with the holding in *Thornton v. United States* (2004)*,* 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905, and following the suggestion in Justice SCALIA's opinion concurring in the judgment in that case, id., at 632, 124 S.Ct. 2127, we also conclude that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle.

\* \* \*

**Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.**

*Gant,* 129 S.Ct. at 1714, 1723-24.

{¶6} The Supreme Court revisited the issue in *Gant* in *Davis v. United States* (2011), 131 S.Ct. 2419, 180 L.Ed.2d 285. In *Davis*, the driver of a vehicle was stopped for a traffic violation in 2007. The driver was found to be intoxicated and was placed under arrest. The officer then proceeded to search the vehicle. During the search, the officer found a revolver in Davis's jacket pocket lying in the vehicle. On review, the Supreme Court of the United States reiterated its holding of Gant which allows an automobile search incident to an arrest if 1) the arrestee is within reaching distance of the vehicle during the search or 2) if the police have reason to believe that the vehicle contains "evidence relevant to the crime of arrest." Id. at 2425 (quoting *Gant*, supra). The Court held that the officers had no authority to conduct the search absent a warrant. However, since the search occurred more than a year prior to the ruling in *Gant*, the officer conducted the search in strict compliance with the law at the time and the

exclusionary rule was not appropriate at that time.  Here, the search was conducted in 2009 and *Gant* was released in 2008, so the officer is required to comply with the holding in *Gant*.

{¶7} In arguing that the evidence resulting from a search should be suppressed, the defendant bears the burden of showing that a warrantless search was performed.  *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.  Once the defendant has shown that there was no warrant, the burden shifts to the State to demonstrate that the search fell within an exception to the warrant requirement.  *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889.

{¶8} In this case, there is no question that the search was warrantless.  Thus, the burden shifts to the State to justify the warrantless search.  The officer testified that he conducted the search of the vehicle after Sheridan was handcuffed and placed into the cruiser.  Sheridan could no longer access the vehicle.  The second person, who had been the passenger, was several feet from the vehicle and the scene was secured by multiple officers preventing anyone from having access to the vehicle.  Under the holding in *Gant*, the search as incident to arrest is impermissible unless the officer had a reasonable belief that evidence of the offense of arrest might be found in the vehicle.  At the hearing, the officer testified that he conducted the search of the vehicle after the arrest, but did not say why he

conducted the search. He merely testified that he went to investigate the vehicle.[2] Tr. 8. The State argued at the hearing that the search was permissible as necessary for officer safety. However, pursuant to the holding in *Gant*, this reasoning is not persuasive since the defendant was cuffed and in the patrol car at the time of the search and the passenger was several feet away from the car and controlled by other officers. This court notes that although permitted to file a brief in support of the warrantless search after the hearing, the State did not choose to do so.

{¶9} A review of the record indicates that if there might possibly have been a justifiable reason to search the vehicle, the officer never articulated one. In fact, the officer never gave any reason for the search, just indicated that he chose to do so after arresting Sheridan for driving under a suspended license. The State has the duty of proving the existence of an exception to the warrant requirement by a preponderance of the evidence or else the evidence must be suppressed. *Xenia*, supra. Here, the State presented no evidence as to why the search occurred. The dissent correctly notes that Sheridan could not have been arrested for the possession of marijuana because the minimal amount found was a minor misdemeanor and not an arrestable offense. Thus, the sole reason for the arrest was that Sheridan had been driving while his license was suspended. "In many

---

[2] Although Frysinger later learned that Sheridan did not have the owner of the vehicle's permission to take it, he did not know this at the time of the search and this information cannot be considered in our analysis of why the search was conducted.

cases, as when a recent occupant is arrested for a traffic violation, there will be no basis to believe the vehicle contains relevant evidence." *Gant,* supra at 1719. Although this court could speculate as to various reasons for the search, the burden of proof is on the State, not on the defendant and not on this court, to prove that an exception to the warrant exists. Basically, the evidence before the trial court was that Frysinger saw Sheridan make an improper turn by going up on the curb and then parked a newer, nice vehicle between two houses that appeared to be vacant.[3] Sheridan parked the car, he and the passenger exited the vehicle, closed the doors, and began to walk away. In the meantime, Frysinger approached them and asked to speak with them. They stopped and spoke to him without incident. Sheridan admitted to Frysinger that he did not have a license. Tr. 18. Then Frysinger searched Sheridan's person and found a minimal amount of marijuana and one bullet, neither of which could cause an arrest. Frysinger placed Sheridan in handcuffs and in the cruiser. At that time, for some reason and without a warrant, Frysinger chose to search the passenger compartment of the vehicle. The State presented no evidence as to the probable cause for the warrantless search and presented no evidence that a warrantless search was necessary for officer safety, or

---

[3] Frysinger testified that he did not know if the houses were vacant and did not feel qualified to testify whether the care of the houses was normal for the neighborhood. Tr. 14, 16.

that any other qualifying exception existed to the warrant requirement.[4] The State did not meet its burden of proof. Therefore, this court has no choice but to conclude that the warrantless search was not proper and sustain the first assignment of error.

{¶10} The judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J., concurs.**

**/jlr**

**PRESTON, J., DISSENTS:**

{¶11} Since the search of the vehicle was based on probable cause that the vehicle might contain illegal drugs and/or weapons, the trial court did not err by denying Sheridan's motion to suppress; and therefore, I respectfully dissent.

{¶12} The trial court and the majority both incorrectly categorize the search of the vehicle as a search incident to arrest, subject to the limitations stated in

---

[4] Contrary to the dissent's approach, the task of setting forth a basis for the search rests solely on the State. It is not the job of this court to speculate as to what might have been a justifiable reason for the search. While clear exceptions should be noticed, the State still bears the burden of proving the exception to the rule. The State should not be permitted to throw out information and hope that the trial court can find an exception. To do so would be to make the warrantless search, the exception to the rule, the rule.

Case No. 1-10-50

*Arizona v. Gant* (2009), 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485.[5] The Court in *Gant* ultimately concluded that "[p]olice may search a vehicle incident to a recent occupant's arrest *only if* the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1723 (emphasis added). Both the trial court and majority correctly determined that the first ground for a search incident to arrest was inapplicable since Sheridan was handcuffed and placed into the police cruiser prior to the search of the vehicle. (June 3, 2010 Decision, Doc. No. 34 at 9); (Majority Op. at ¶8). The trial court, however, determined that the search was proper based upon *Gant*'s second ground because Sheridan was also arrested for possession of marijuana, and it was reasonable to believe that the vehicle contained evidence of this offense. (June 3, 2010 Decision, Doc. No. 34 at 9-10). As the majority correctly notes, the problem with this rationale is that Sheridan possessed a total of 15.9 grams of marijuana, which constitutes a minor misdemeanor for which Sheridan could not have been arrested

_____

[5] The reason for the majority's categorization appears to be the officer's testimony that he conducted a "search incident to arrest"; however, a careful reading of the testimony indicates that the "search incident to arrest" to which the officer refers is the search of Sheridan's *person* prior to placing him into the cruiser——not the vehicle search. (Apr. 30, 2010 Tr. at 8, 21-22). Aside from that, the officer's characterization of the search as a "search incident to arrest" does not invalidate an otherwise lawful search. *State v. Runyon*, 12th Dist. No. CA2010-05-032, 2011-Ohio-263, ¶18; *State v. Swinderman*, 5th Dist. No. 2009-AP-100050, 2010-Ohio-2659, ¶23; *State v. Thomas*, 8th Dist. No. 91891, 2009-Ohio-3461, ¶49 (Gallagher, P.J., dissenting). (Apr. 30, 2010 Tr. at 8, 21-22).

as a matter of law.[6] (State's Supplemental Discovery Response, Doc. No. 32);

R.C. 2925.11(C)(3); R.C. 2935.26(A). Evidence seized as a result of a search

incident to an unlawful minor misdemeanor arrest is subject to suppression. *State

v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, ¶16. Therefore,

the search of the vehicle was not properly conducted incident to Sheridan's arrest

for possession of marijuana as the trial court concluded.

{¶13} Nevertheless, the warrantless search of Sheridan's vehicle was still

constitutionally valid since the search was not a search incident to arrest subject to

the limitations set forth in *Gant*; but rather, a search based upon probable cause

that the vehicle contained contraband, a.k.a. the "automobile exception." *State v.

Moore* (2000), 90 Ohio St.3d 47, 51, 734 N.E.2d 804, citations omitted. The only

search incident to arrest here was the search of Sheridan's *person* following his

arrest for driving without a license prior to his placement into the police cruiser.

See *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶11

(search incident to arrest includes search of arrestee's person). As the Court of

Appeals for the Eleventh District recognized, the automobile exception continues

to apply following *Gant*:

---

[6] Despite the officer's testimony at the suppression hearing that Sheridan was also placed under arrest for the possession charge, the evidence failed to demonstrate that any of the R.C. 2935.26(A) exceptions applied that would have authorized the officer to arrest Sheridan for the minor misdemeanor possession charge. (Apr. 30, 2010 Tr. at 8, 21).

> ***Arizona v. Gant* holds that police may "search a vehicle incident
> to a recent occupant's arrest only when the arrestee is unsecured
> and within reaching distance of the passenger compartment at
> the time of the search." *Id.* at 1719. The court's holding limited
> searches of automobiles incident to arrest and noted that
> "[o]ther established exceptions to the warrant requirement
> authorize a vehicle search under additional circumstances when
> safety or evidentiary concerns demand." *Id.* at 1721. Included in
> these circumstances are searches of a vehicle when there is
> "probable cause to believe a vehicle contains evidence of
> criminal activity." *Id.* Post- *Gant*, courts have continued to apply
> the automobile exception in cases where there was probable
> cause to conduct a search of an automobile. See *State v. Canter*,
> 10th Dist. No. 09AP-47, 2009-Ohio-4837; *State v. White*, 8th Dist.
> No. 92229, 2009-Ohio-5557.**

*State v. Walker*, 11th Dist. No. 2009-L-155, 2010-Ohio-4695, ¶17. See, also, *State v. Burke*, 188 Ohio App.3d 777, 2010-Ohio-3597, 936 N.E.2d 1019. In *State v. Grubb*, we acknowledged the continuing viability of the automobile exception post-*Gant*. 186 Ohio App.3d 744, 2010-Ohio-1265, 930 N.E.2d 380, ¶22 (Rogers, J.), citing *Canter*, 10th Dist. No. 09AP-47, 2009-Ohio-4837.

{¶14} Therefore, the question here becomes whether or not the officer had probable cause to search Sheridan's vehicle. In fact, the trial court noted that this precise issue was among those presented to it during the suppression hearing. (Apr. 30, 2010 Tr. at 1). Probable cause necessary for the warrantless search of a vehicle has been defined as " * * * a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle

contains that which by law is subject to seizure and destruction." *State v. Kessler* (1978), 53 Ohio St.2d 204, 208, 373 N.E.2d 1252.

{¶15} The officer in this case testified that he observed a "bright newer shiny red" Dodge Durango SUV cut across the corner of an intersection onto the sidewalk and park in between two vacant houses. (Apr. 30, 2010 Tr. at 4-5). The officer testified that the driver, Sheridan, appeared to operate the vehicle in this manner in response to observing him. (Id. at 6-7). The officer then observed Sheridan and his passenger exit the vehicle and walk away from it, which the officer thought was suspicious because the SUV was "a very nice vehicle[;] you don't just abandon it between two (2) vacant homes." (Id. at 5). The officer testified that Sheridan and his passenger's "actions of avoiding [the] vehicle immediately upon seeing a * * * law enforcement officer indicate[d] there may [have been] criminal activity afoot, possibly a stolen vehicle." (Id. at 6). According to the officer, "neither one of them knew who owned 521 Holmes. So, therefore, they were leaving the vehicle on strange property and walking away from it." (Id. at 13-14). When the officer questioned Sheridan about his erratic driving and the suspicious way in which they left the SUV, neither one of them offered any reason(s) for their actions. (Id. at 18). The officer further testified that, after dispatch verified that Sheridan did not have a valid driver's license, he placed Sheridan under arrest. (Id. at 7). The officer testified that he then asked Sheridan

to have a seat in his cruiser since he viewed Sheridan as a flight risk in light of his earlier attempt to walk away from the vehicle. (Id. at 8). The officer testified that he patted down Sheridan prior to placing him into the cruiser and felt a lump in his right coat pocket. (Id.). When he asked Sheridan what it was, Sheridan stated it was "weed." (Id.). The officer testified that he then placed Sheridan in custody for possession and performed a search incident to arrest. (Id.). During that search of Sheridan's person, the officer discovered more marijuana in another pocket and some 9mm ammunition. (Id.). When the officer asked Sheridan about the ammunition, Sheridan stated that he had been shooting earlier. (Id. at 8-9). The officer then placed Sheridan into his cruiser and searched the vehicle. (Id. at 9).

{¶16} Viewing the totality of the circumstances, I would conclude that the officer here had a reasonable belief that the vehicle contained illegal drugs and/or weapons subject to seizure and destruction, and therefore, probable cause to search the vehicle. Before executing the search, the officer observed Sheridan drive the SUV erratically in response to seeing him, and the officer observed Sheridan and his passenger abandon the SUV in a yard between two vacant houses belonging to individual(s) unknown to either one of them. The officer also located two separate baggies of marijuana with different quantities in each and live 9mm ammunition

upon Sheridan.[7] Further, Sheridan admitted that he had been shooting earlier that day when asked about the ammunition. Under these circumstances, the officer had probable cause to believe that the vehicle from which Sheridan alighted contained illegal drugs and/or weapons.[8] Since the officer here had probable cause to search Sheridan's vehicle, the trial court did not err by denying the motion to suppress, even though its rationale for that result was flawed. See, e.g., *State v. Brown*, 3d Dist. No. 14-08-11, 2008-Ohio-4649, ¶26, quoting *Bonner v. Bonner*, 3d Dist. No. 14-05-26, 2005-Ohio-6173, ¶18 ("[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant.").

{¶17} While the majority acknowledges that "the record indicates that * * * there might possibly have been reason a justifiable reason to search the vehicle," the majority concludes that the State failed to establish probable cause for the search *because* the officer never articulated the reason he searched the vehicle. (Majority Op. at ¶9). Aside from being abundantly obvious that the officer here searched the vehicle for illegal drugs and weapons, "[t]he legal issues involved in a Fourth Amendment challenge are not controlled by the particular reasons given

---

[7] It is noteworthy that Sheridan had two baggies of marijuana differing in quantity from each other along with live ammunition. This could lead an officer to reasonably suspect that Sheridan was involved in drug trafficking, and that the vehicle contained further evidence of that offense.

[8] That the vehicle could contain additional drugs is even more probable given Sheridan's erratic driving and effort to abandon the vehicle after he observed law enforcement.

by a law enforcement officer for why he engaged in the particular intrusion involved. So long as the facts hypothesize a basis that in law justifies the action that was taken, the legal challenge will be rejected." *State v. Jamison*, 2nd Dist. No. 19357, 2003-Ohio-907, ¶13. See, also, *State v. Crenshaw*, 6th Dist. No. L-02-1337, 2003-Ohio-4860, ¶11 (Lanzinger, J.); *Runyon*, 2011-Ohio-263, at ¶18; *Swinderman*, 2010-Ohio-2659, at ¶23; *Thomas*, 2009-Ohio-3461, at ¶49 (Gallagher, P.J., dissenting); *State v. Salvato* (Aug. 13, 1999), 1st Dist. No. C-980939, at *2 (officer's stated reasons or motivations for search are irrelevant); *Brigham City, Utah v. Stuart* (2006), 547 U.S. 398, 404, 126 S.Ct. 1943, 164 L.Ed.2d 650 ("An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify [the] action.'") (Emphasis in original). The objective evidence presented at the suppression hearing, highlighted above, demonstrated that the officer had probable cause to search the vehicle for drugs and/or weapons, and therefore, the trial court did not err by overruling Sheridan's motion to suppress. The majority's approach of focusing upon the officer's stated reasons for the search, or lack thereof as in this case, is contrary to the well-established rule of analyzing the *objective facts* in Fourth Amendment cases.

**{¶18}** For all these reasons, I would overrule Sheridan's assignment of error and affirm the trial court's decision. Therefore, I must respectfully dissent from the majority's opinion.