JOURNAL ENTRY AND OPINION
{¶ 1} The state of Ohio appeals the decision of the trial court to grant Jarvis Perryman's ("Perryman") motion to suppress. The following facts give rise to this appeal.
 {¶ 2} Officer Darrell Woodland ("Woodland"), a member of the Cleveland Municipal Housing Authority ("CMHA") Police Department, pulled into a parking lot at noon in a claimed area of high crime and drug activity. He observed a parked car with two men reclining in the front seats apparently sleeping. Woodland approached the vehicle purportedly to check on the safety of the occupants.
 {¶ 3} When Woodland knocked on the driver's side window, both males had their eyes closed. The driver awoke and rolled the window down. Woodland immediately smelled the odor of burnt marijuana coming from the car. Woodland asked the driver to exit the vehicle and searched him. Another CMHA officer, Michael Spigner ("Spigner"), arrived to provide back-up for Woodland. Spigner asked Perryman, who was seated in the passenger seat, to exit the vehicle. While patting Perryman down, Spigner found one large bag containing marijuana and fifteen smaller baggies of marijuana on Perryman's person.
 {¶ 4} After being indicted, Perryman filed a motion to suppress. After a trial to the judge which incorporated Perryman's motion to suppress, the trial court granted Perryman's motion. The state of Ohio appeals from that decision advancing one assignment of error.
 {¶ 5} "The trial court erred in granting appellee's motion to suppress evidence."
 {¶ 6} In State v. Lloyd (1998), 126 Ohio App.3d 95, the court stated:
"Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996),116 Ohio App.3d 286, 688 N.E.2d 9 citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604, 645 N.E.2d 802. * * * This is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' State v. Hopfer (1996),112 Ohio App.3d 521, 679 N.E.2d 321. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard."
 {¶ 7} The state of Ohio argues that Woodland was entitled to approach the car Perryman was sitting in to check on the occupants' safety. The state of Ohio continues that Woodland and Spigner were also entitled to remove the driver and Perryman from the vehicle upon smelling the odor of burnt marijuana emanating from the vehicle once the window was rolled down in response to Woodland's knocking on it. Perryman argued during the motion/trial that any intrusion beyond a citation for smoking marijuana or possession of marijuana under 100 grams, a minor misdemeanor, was unwarranted.
 {¶ 8} The central question in this case involves the legitimacy of the initial police intrusion and subsequent search of Perryman which led to the recovery of the marijuana in question.
 {¶ 9} The United States Supreme Court has established three categories in which to classify interactions between the police and private citizens: (1) a consensual encounter; (2) an investigatory stop; and (3) an arrest. State v. Williams (May 22, 2003), Cuyahoga App. No. 81364.
 {¶ 10} In the landmark case of Terry v. Ohio (1968),392 U.S. 1, 13, the court outlined the shifting nature of these encounters.
"They range from wholly friendly exchanges of pleasantries ormutually useful information to hostile confrontations of armedmen involving arrests, or injuries, or loss of life. Moreover,hostile confrontations are not all of a piece. Some of them beginin a friendly enough manner, only to take a different turn uponthe injection of some unexpected element into the conversation.Encounters are initiated by the police for a wide variety ofpurposes, some of which are wholly unrelated to a desire toprosecute for crime."
 {¶ 11} (Footnote omitted.)
 {¶ 12} The Supreme Court endorsed the concept of the consensual encounter in Florida v. Bostick (1991),501 U.S. 429.
"An officer may approach an individual in a street or otherpublic place for the purposes of a consensual encounter. Aconsensual encounter is not a seizure, so no Fourth Amendmentrights are invoked. The individual must be free to terminate theconsensual encounter or decline the officer's request."
 {¶ 13} Ohio cases have followed a similar vein. "When an officer approaches a parked vehicle and asks an individual to see their driver's license, no seizure has occurred. Further, a seizure has not occurred when an officer approaches a vehicle and questions its occupants." State v. Santiago, Lake App. No. 2000-L-168, 2002-Ohio-1469.
 {¶ 14} It is undisputed in this case that Woodland did not approach the vehicle Perryman was sitting in with a suspicion of criminal activity. He did, however, note that the vehicle was parked in an area he described as being of "high drug and crime activity." Woodland testified that what drew his attention to the vehicle was "the way the males were situated inside the vehicle." He described their position as "I did not know if they [were] sleeping or not but they [were] like laid back in an inclined position." Woodland conceded that the vehicle was legally parked. It was not blocking traffic or an exit or an entrance, and Woodland was unaware of any federal, state or municipal laws that were being violated by the occupants. Woodland confirmed that he was not approaching the car to give the occupants a citation of any kind. His sole reason for approaching the vehicle was to check on the occupants' safety.
 {¶ 15} Police officers, without reasonable suspicion of criminal activity, are allowed to intrude on a person's privacy to carry out "community caretaking functions" to enhance public safety. State v. Norman (1999), 136 Ohio App.3d 46.
"The mere approach and questioning of persons seated withinparked vehicles does not constitute a seizure so as to requirereasonable suspicion supported by specific and articulable facts.Also, the fact that most people do respond to a police request,without being told they are free not to respond, does noteliminate the consensual nature of the response."
 {¶ 16} State v. Welz (Dec. 9, 1994), Lake App. No. 93-L-137.
 {¶ 17} Perryman, at trial, raised the issues that he was asked to place his hands on the steering wheel and was not advised he was free to leave. These facts alone would not necessarily transform the initial intrusion beyond a consensual encounter; however, the odor of marijuana does. State v. Bird
(Dec. 31, 1992), Washington App. No. 92 CA 2.
 {¶ 18} Upon initiating a consensual encounter, Officer Woodland, with the opening of the window by the occupant in the driver's seat, immediately smelled burnt marijuana establishing both a reasonable articulable suspicion and probable cause that marijuana was being used or had just been used by the vehicle's occupants. Id.
 {¶ 19} The fact that smoking marijuana is a minor misdemeanor offense is of no consequence. Where the presence of marijuana or any drug is reasonably suspected, the location, quantity and packaging are legitimate inquiries for the authorities based on the existing probable cause. See Bird, supra. Certainly, if only a small amount is found after an inquiry, then an arrest is not justified and a citation may be issued.
 {¶ 20} Officer Spigner made no attempt to rationalize his search for contraband solely under the pretext of a Terry
"patdown." Officer Spigner searched Perryman based on both Officer Woodland's detection of the odor of marijuana and the rationale of officer safety under Terry. The seizure of the marijuana from Perryman's person was not a violation of the United States or Ohio Constitutions since the officers had probable cause to search Perryman. The odor of marijuana alone can provide probable cause for a warrantless search. State v.Garcia (1986), 32 Ohio App.3d 38. The Garcia court upheld the warrantless search of an individual based in part upon the detection by police officers of the odor of burnt marijuana. The court stated as follows:
"The odor of marijuana, standing alone, has frequently beenheld to provide probable cause for warrantless searches,particularly, as here, where the officers are experienced in itsdetection."
 {¶ 21} Garcia, 32 Ohio App.3d at 39; see, also, Bird, supra.
 {¶ 22} In State v. Alge (Apr. 21, 2000), Erie App. No. E-99-053, the court found probable cause to search a vehicle existed when a trained and experienced police officer observed smoke coming from a vehicle and smelled burnt marijuana. Other states have ruled similarly. In a Florida case, State of Floridav. T.T., A Child (1992), 594 So.2d 839, 840, the court stated as follows:
"The sense of smell is perhaps not as keen in humankind as inother animals, but some odors such as burned cannabis are verystrong and very distinctive. A person who is trained to recognizethe odor of marijuana and who is familiar with it and canrecognize it has probable cause, based on the smell alone, tosearch a person or a vehicle for contraband."
 {¶ 23} Officers Woodland and Spigner were both experienced in drug detection. Combined, they made over 175 drug arrests in 22 years on the CMHA force. They testified they were experienced in the detection of marijuana based on smell.
 {¶ 24} Whether we examine this case in the context of probable cause justifying a warrantless search or under a Terry
standard for officer safety, the result would be the same. In a nearly identical situation involving the removal of a passenger from a vehicle following the detection of the odor of marijuana, this court employed the Terry standard in upholding the recovery of contraband under similar circumstances. In re[L.C.], a minor (Dec. 30, 1993), Cuyahoga App. No. 65459.
 {¶ 25} Further, even where an officer lacks a reasonable articulable suspicion of criminal activity, the Ohio Supreme Court has upheld the removal of a passenger from a legitimately stopped vehicle. State v. Evans (1993) 67 Ohio St.3d 405. Such removals, coupled with a legitimate Terry "patdown," often lead to the recovery of marijuana even where the odor of marijuanna is not present. State v. Williams (July 21, 1975), Hamilton App. No. C-74429.
 {¶ 26} The state of Ohio offered evidence establishing articulable facts on behalf of Woodland that would lead a reasonable officer to conclude that an investigation of the vehicle and its occupants was warranted after the odor of burnt marijuana was detected. Based upon these facts, the trial court erred in granting Perryman's motion to suppress. This assignment of error is sustained.
 {¶ 27} The judgment is reversed and the cause is remanded.
Corrigan, A.J., and Dyke, J., concur.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.