[Cite as *State v. Richmond*, 2017-Ohio-2860.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105036

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTHONY J. RICHMOND

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606862-A

**BEFORE:**   Blackmon, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    May 18, 2017

**ATTORNEY FOR APPELLANT**

Mary Catherine O'Neill Corrigan
Jordan & Sidoti L.L.P.
50 Public Square, Suite 1900
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Brandon A. Piteo
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Anthony Richmond ("Richmond") appeals from the denial of his motion to suppress evidence obtained during a search of his vehicle. He assigns the following error for our review:

The trial court erred by failing to grant [Richmond's] motion to suppress.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision.

{¶3} On June 16, 2016, Richmond was indicted for one count of having a weapon while under disability, and one count of carrying a concealed weapon with a furthermore clause alleging that the weapon was loaded. Both charges also contained forfeiture specifications. Richmond moved to suppress the evidence against him, arguing that it was obtained as the result of a pretextual and unlawful stop. In opposition, the state argues that the officers' initial approach was a consensual encounter and that after this encounter, the officers had reasonable suspicion and probable cause to justify the subsequent search of the car.

{¶4} On August 22, 2016, the trial court held a hearing on the motion to suppress. The state's evidence demonstrated that around midnight on June 1, 2016, Cleveland police officers Stephen McGrath and James McClellan assisted another unit with the investigation of a domestic violence complaint at East 79th Street near Cedar Avenue. They began patrolling for the suspect, who reportedly fled on foot. The officers drove slowly from the location of the domestic violence incident, looking for the perpetrator.

The windows of their cruiser were down. The officers smelled marijuana and observed two individuals sitting in a parked vehicle on East 78th Street near Cedar Avenue. No one else was in the area, and the officers determined that the smell of marijuana was coming from the parked car. The officers parked the zone car and approached the occupants of the parked car.

{¶5} Officer McGrath asked the occupants if they had marijuana in the car, and Richmond replied that they had already smoked all of it. The officers observed an open container of Hennessy liquor on the passenger seat of the car so they had both occupants exit the car and detained them inside the zone car in order to do an investigatory search of Richmond's vehicle. During the investigatory search, the officers found a loaded .38 Ruger handgun under the driver's seat. The officers additionally discovered a small bag of marijuana during a pat down of Richmond.

{¶6} The trial court denied the motion to suppress and Richmond pled no contest to the charges. The trial court subsequently found him guilty of both charges and sentenced him to a total of 30 months of imprisonment. Richmond now appeals.

{¶7} In his sole assigned error, Richmond argues that the trial court erred in denying his motion to suppress because the initial stop was unlawful.

{¶8} In *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, the Ohio Supreme Court set forth the standard of review of a ruling on a motion to suppress as follows:

> Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes

the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.

*Id*. at ¶ 8.

{¶9} The Fourth Amendment to the United States Constitution protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Ohio Constitution, Article I, Section 14, is nearly identical to its federal counterpart. *State v. Kinney*, 83 Ohio St.3d 85, 87, 698 N.E.2d 49 (1998). The warrant requirement is subject to a few specifically established and well- delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

## 1. Initial Encounter

{¶10} An officer may approach an individual in a street or other public place for the purpose of a consensual encounter. *State v. Blevins*, 8th Dist. Cuyahoga No. 103200, 2016-Ohio-2937, ¶ 25. "'A consensual encounter is not a seizure, so no Fourth Amendment rights are invoked. The individual must be free to terminate the consensual encounter or decline the officer's request.'" *Id*., quoting *Florida v. Bostick*, 501 U.S.

429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Under this rule, a seizure has not occurred when an officer approaches a vehicle and questions its occupants. *Blevins*, citing *State v. Boys*, 128 Ohio App.3d 640, 642, 716 N.E.2d 273 (1st Dist.1998), and *State v. Johnston*, 85 Ohio App.3d 475, 620 N.E.2d 128 (4th Dist.1993).

{¶11} In *Blevins*, a Cleveland police officer was patrolling parking lots following reports of cars being broken into in parking lots in that area. The officer encountered two males sitting in a car with the engine running. As the officer approached the vehicle to speak with the occupants, he smelled the odor of marijuana and also observed it in the front middle console. In affirming the trial court's denial of Blevins's motion to suppress, this court stated:

> Officer Sistek testified that he approached the vehicle to engage the occupants in casual conversation. Officer Sistek walked up to Blevins, who was the driver of the vehicle, and asked him what he was doing. There is no dispute that at this point Officer Sistek did not violate Blevins's Fourth Amendment rights.

*Id*. at ¶ 24.

{¶12} Similarly, in *State v. Franklin*, 8th Dist. Cuyahoga No. 99806, 2014-Ohio-1422, the police officers approached a vehicle, and as the passenger opened his door, the officers immediately smelled the "very, very overwhelming" smell of burnt marijuana. This court held that the officer's initial interaction with appellant was a consensual encounter that did not implicate the Fourth Amendment.

{¶13} In this instance, when the police initially observed Richmond's parked vehicle, they immediately detected the odor of burning marijuana coming from that

vehicle. The officers asked Richmond, who was seated in the driver's seat, if he had any more marijuana in the vehicle. Richmond reportedly told them that he and his passenger had already smoked all the marijuana that they had. At this point, no Fourth Amendment violation occurred. *Blevins,* 2016-Ohio-2937 at ¶ 24-25.

### 2. Officers Smell Marijuana

{¶14} In *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804 (2000), the Ohio Supreme Court held:

> [T]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle.

*Id*. at 48.

{¶15} In *Moore*, a highway patrol officer stopped a car for running a red light, then "conducted a search both of the defendant's person and his vehicle based solely upon the strong odor of burnt marijuana in the vehicle and on the defendant's clothing." *Id.* In concluding that there was sufficient probable cause to conduct a search, the court stated:

> According to defendant, there must be other tangible evidence of drug use in order to justify a search. We disagree. * * * [I]f the smell of marijuana, as detected by a person who is qualified to recognize the odor, is the sole circumstance, this is sufficient to establish probable cause. There need be no additional factors to corroborate the suspicion of the presence of marijuana.
>
> * * * Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement.

*Id*. at 51.

**{¶16}** Similarly, in *Blevins*, 2016-Ohio-2937, this court stated as follows:

Officer Sistek did not violate Blevins's Fourth Amendment rights when he asked Blevins to step out of the vehicle because Officer Sistek had more than a reasonable suspicion that Blevins was engaged in criminal activity — he had probable cause of criminal activity once he smelled the marijuana and saw it in plain view.

*Id.* at ¶ 27.

**{¶17}** Similarly, in *State v. Perryman*, 8th Dist. Cuyahoga No. 82965, 2004-Ohio-1120, this court held that the defendant had not been subjected to an unlawful search and seizure where a police officer pulled into a parking lot and observed two men reclining in the front seat of a vehicle. The officers approached the vehicle and knocked on the window. When the driver rolled the window down, the officer immediately smelled the "odor of burnt marijuana coming from the car." *Id*. at ¶ 3. This court held that once the officers smelled burnt marijuana emanating from the vehicle, the smell established "both a reasonable articulable suspicion and probable cause that marijuana was being used or had just been used by the vehicle's occupants." *Id*. at ¶ 18.

**{¶18}** *Accord State v. Burke*, 188 Ohio App.3d 777, 2010-Ohio-3597, 936 N.E.2d 1019 (8th Dist.), en banc (when an officer has probable cause to believe a person has been smoking marijuana from the smell of marijuana emanating from the vehicle, a warrantless search is permissible under the *automobile exception* to the warrant requirement, but search of the vehicle *incident to arrest* was impermissible under *Arizona v. Gant*, 556 U.S. 129, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009)); *Franklin*, 2014-Ohio-1422 (consensual encounter quickly escalated into reasonable suspicion for an

investigative detention and probable cause for the search of appellant's vehicle pursuant to the "automobile exception" once officer detected the odor of burnt marijuana as he approached car).

{¶19} Richmond complains that the smell of marijuana was simply a pretext for an unlawful search because no marijuana residue or smoking devices were found during the search. We note, however, that the *Moore* court stated, "[t]here need be no additional factors to corroborate the suspicion of the presence of marijuana." 90 Ohio St.3d at 50. *Accord State v. Arnold*, 2d Dist. Clark No. 2001 CA 55, 2002-Ohio-1779 (although officer searched based upon smell of marijuana, and no burnt marijuana was found, credibility determinations were for the trial court); *State v. Garcia*, 32 Ohio App.3d 38, 39, 513 N.E.2d 1350 (9th Dist.1986) (denial of motion to suppress search based upon odor of marijuana even though marijuana was not found during the subsequent search).

{¶20} In this matter, the evidence demonstrated that the officers were experienced in detecting the smell of marijuana and were able to detect that odor as they drove past Richmond's parked car, the only car in the immediate area. The officers quickly determined that the smell emanated from Richmond's car. They spoke with Richmond and during this encounter, they continued to smell marijuana from directly within the vehicle. Once the officers smelled burnt marijuana emanating from the vehicle, the smell established "both a reasonable articulable suspicion and probable cause that marijuana was being used or had just been used by the vehicle's occupants." During this lawful search of the vehicle, the loaded firearm was discovered. During a subsequent

pat down of Richmond, a small bag of marijuana was recovered. In accordance with the foregoing, we concur with the trial court's determination that Richmond was not subject to an unlawful search and seizure in this instance.

{¶21} The sole assigned error is without merit.

{¶22} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
LARRY A. JONES, SR., J., CONCUR