[Cite as *In re O.N.*, 2019-Ohio-4159.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE O.N.                                  :
                                            :           No. 107850
A Minor Child                               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-18106753

---

### *Appearances:*

Susan J. Moran, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ashley Gilkerson, Assistant Prosecuting Attorney, *for appellee.*

PATRICIA ANN BLACKMON, J.:

{¶ 1}    Appellant O.N. appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division, adjudicating him delinquent by reason of improper handling of a firearm in a motor vehicle and carrying a concealed weapon. He assigns the following error for our review:

> [O.N.] was denied effective assistance of counsel in violation of Amendments VI and XIV [of the] United States Constitution and

Article I, Section 10 [of the] Ohio Constitution for failing to file a motion to suppress evidence.

{¶ 2} Having reviewed the record and the controlling case law, we affirm the decision of the trial court.

{¶ 3} Following a traffic stop on April 8, 2018, O.N. was charged in a two-count complaint with improper handling of a firearm in a motor vehicle and carrying a concealed weapon. The case proceeded to trial on June 20, 2018.

{¶ 4} Shaker Heights Police Patrolman Chris Spinos ("Officer Spinos") testified that he observed a Ford pickup truck make multiple turn signal violations. After Officer Spinos activated his siren to stop the truck, the passenger looked back at him and ducked toward the floorboard. While speaking with the driver, Officer Spinos detected the odor of marijuana coming from inside the vehicle. The officer asked the driver and passenger O.N. to exit the vehicle.

{¶ 5} Shaker Heights Police Patrolman Daniel Saggio ("Officer Saggio") searched the driver's side of the truck interior while Officer Spinos searched the passenger's side. Officer Spinos testified that he found a loaded Beretta handgun directly underneath the passenger seat. According to Officer Spinos, O.N. stated that he found the weapon on the street and planned to sell it. O.N. also admitted that he placed the weapon under the passenger seat. The weapon was later determined to be operable.

{¶ 6} Shaker Heights Police Patrolman Alex Oklander ("Officer Oklander") testified that he arrived on the scene during the search at the request of Officer

Spinos. After O.N. was arrested, Officer Oklander placed the Beretta handgun in a property box and transported it to the police station. Officer Oklander testified that a "drug bag" was also collected at the scene, including 2.99 grams of marijuana and a scale.

{¶ 7} At the conclusion of the trial, the court adjudicated O.N. delinquent in connection with both charges, and imposed community-control sanctions for both offenses.

### Ineffective Assistance of Counsel Claim

{¶ 8} In his sole assigned error, O.N. contends that his trial counsel violated an essential duty of representation by failing to file a motion to suppress. O.N. argues that "there was never any evidence * * * that marijuana was ever located in the vehicle[, so] its smell could not have given rise to probable cause to search the vehicle."

{¶ 9} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in

the outcome." *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). *Accord State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 22 (a defendant must "demonstrate that defense counsel's performance was seriously flawed and deficient, and that the result of the trial would have been different had proper representation been afforded.").

{¶ 10} A defense counsel's failure to file a suppression motion is not per se ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). Rather, failure to file a motion to suppress is ineffective assistance of counsel only if there is a reasonable probability that, had the motion been filed, it would have been granted. *State v. Watts*, 8th Dist. Cuyahoga No. 104188, 2016-Ohio-8318, ¶ 17.

{¶ 11} A traffic stop constitutes a seizure that implicates Fourth Amendment protections. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Turning to the issue of whether there is a reasonable probability that a motion to suppress would have been granted in this matter, we note that a police officer may lawfully stop a vehicle if the officer has a reasonable articulable suspicion that the operator has engaged in criminal activity, including a minor traffic violation. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11, 665 N.E.2d 1091 (1996) (probable cause to stop driver based on the traffic turn signal violation occurring in the officer's presence); *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7-8 (driving over white edge line). This court has also concluded that failure to signal a turn may justify a traffic stop. *Cleveland v. Maxwell*, 8th Dist. Cuyahoga

No. 104964, 2017-Ohio-4442, ¶ 22 (applying R.C. 4511.39); *State v. Newsome*, 8th Dist. Cuyahoga No. 93328, 2010-Ohio-2891, ¶ 24; *Rocky River v. Burke*, 8th Dist. Cuyahoga No. 78578, 2002-Ohio-1651 (applying R.C. 4511.39).

{¶ 12} Additionally, "[f]urtive movements can provide an officer with the reasonable suspicion required to continue the detention because the potential of attack portrays possible criminal activity." *State v. Jenkins*, 8th Dist. Cuyahoga No. 91100, 2009-Ohio-235, ¶ 10, citing *State v. Sears*, 2d Dist. Montgomery No. 20849, 2005-Ohio-3880.

{¶ 13} Further, "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." *State v. Moore*, 90 Ohio St.3d 47, 50-51, 2000-Ohio-10, 734 N.E.2d 804, syllabus; *State v. Blevins*, 2016-Ohio-2937, 65 N.E.3d 146, ¶ 29 (8th Dist.). In *Moore*, the police officer stopped the defendant for running a red light. When the defendant rolled down his window, the officer "detected a strong odor of fresh burnt marijuana emanating from the vehicle" and also smelled it on defendant's person when he stepped out of the car. *Id.* at 47. The officer searched the defendant's vehicle and the defendant's person and found drug paraphernalia and marijuana. The trial court suppressed the evidence from both searches, but the appellate court reversed the suppression of evidence from the vehicle. *Id.* The Ohio Supreme Court upheld both searches. *Id.* at 53. The court held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant

requirement." *Id.* at 48. The court also concluded that defendant's person was properly searched due to exigent circumstances. *Id.* at 51-52. *Accord State v. Perryman*, 8th Dist. Cuyahoga No. 82965, 2004-Ohio-1120, ¶ 26; *State v. Richmond*, 8th Dist. Cuyahoga No. 105036, 2017-Ohio-2860, ¶ 20.

{¶ 14} Finally, where the search is lawful under *Moore*, and a loaded firearm is discovered, there is no basis for suppression of the firearm. *Richmond.*

{¶ 15} Here, O.N. argues that "there was never any evidence * * * that marijuana was ever located in the vehicle[, so] its smell could not have given rise to probable cause to search the vehicle." However, the *Moore* court explained that "[t]here need be no tangible evidence to justify a warrantless search of a vehicle. * * * [T]here need be no additional factors to corroborate the suspicion of the presence of marijuana." *Moore*, 90 Ohio St.3d at 48-50, 2000-Ohio-10, 734 N.E.2d 804. *See also State v. Nesbit*, 8th Dist. Cuyahoga No. 107278, 2019-Ohio-1646. In *State v. Richmond*, 8th Dist. Cuyahoga No. 105036, 2017-Ohio-2860, this court explained as follows:

> Richmond complains that the smell of marijuana was simply a pretext for an unlawful search because no marijuana residue or smoking devices were found during the search. We note, however, that the *Moore* court stated, "[t]here need be no additional factors to corroborate the suspicion of the presence of marijuana." 90 Ohio St.3d at 50. *Accord State v. Arnold*, 2d Dist. Clark No. 2001 CA 55, 2002-Ohio-1779 (although officer searched based upon smell of marijuana, and no burnt marijuana was found, credibility determinations were for the trial court); *State v. Garcia*, 32 Ohio App.3d 38, 39, 513 N.E.2d 1350 (9th Dist.1986) (denial of motion to suppress search based upon odor of marijuana even though marijuana was not found during the subsequent search).

*Id.* at ¶ 18.

{¶ 16} In any event, in this matter, Officer Spinos testified that while speaking with the driver, he smelled marijuana emanating from the truck, and the driver admitted that he had marijuana. In addition, Officer Oklander testified that 2.99 grams of marijuana and a scale were recovered in this matter, and were collected in the "drug bag" of the evidence in this case.

{¶ 17} In accordance with all of the foregoing, the sole assigned error is without merit.

{¶ 18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR